**Matthew B. Crane** (UTB# 13909)
Ford & Crane PLLC
4161 N. Thanksgiving Way, Suite 300
Lehi, UT 84043
Telephone: (801) 331-8668
Email: matthew.crane@fordcranelaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| PAMELA WHITNEY,  Plaintiff,  vs.  CINEMARK USA, INC., a Texas Corporation Doing Business As MOVIES 8, PLUM TREE PROPERTY, LLC, a Delaware Limited Liability Company, John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X.  Defendants. | **COMPLAINT**  Case No. 2:16-CV-1289-PMW  Magistrate Judge Paul M. Warner |

Plaintiff Pamela Whitney, by and through her attorney Matthew B. Crane of Ford & Crane PLLC hereby files complaint against Cinemark USA, Inc., a Texas corporation doing business as Movies 8, Plum Tree Property, LLC, a Delaware limited liability company, John Does I – X, Corporations I – X and/or Limited Liability Companies I – X, and alleges as follows:

## INTRODUCTION

1.      This action seeks redress against Defendants in the form of declaratory relief and a permanent injunction to enjoin Defendants' unlawful violation of Title III of the Americans with Disabilities Act[1] (the "ADA" or the "Act"), along with attorney's fees and costs as allowed by the Act[2], as well as causes of action under Utah State law as set forth below. Defendants maintain illegal architectural barriers to access on their premises and have failed to make necessary modifications to allow persons with disabilities to fully enjoy the goods and services offered to the general public as required by the ADA[3].

2.      On July 21, 1990, the United States Department of Justice issued design standards to be implemented in the construction of new buildings (the "1991 Standard"). These regulations are titled as the ADA Standards for Accessible Design and are codified at 28 C.F.R. Part 36. Appendix A to Part 36 contains the ADA Accessibility Guidelines (referred to herein as "ADAAG"), which are the technical requirements to which buildings constructed on or after January 26, 1991 but before September 15, 2010 must adhere to in order to comply with the ADA.

3.      Even if the non-conforming barriers were constructed prior to 1990, places of public accommodation must comply with the 1991 Standard if compliance is readily achievable.[4]

---

[1] 42 U.S.C. §12181 *et. seq.*
[2] 42 U.S.C. §12205.
[3] 42 U.S.C. §12182(a).
[4] 42 U.S.C. §12181(2)(A).

4.	On September 15, 2010, the Department of Justice revised the ADA Standards for Accessible Design and the ADAAG, which revisions are codified at 28 C.F.R. Part 36, subpart D and Part 1191 (the "2010 Standard").  The 2010 Standard applies to buildings constructed or altered in a relevant manner after March 15, 2012.  Buildings constructed or altered on or after September 15, 2010 but before March 15, 2012 must comply with either the 1991 or 2010 Standard.

5.	Any site that has undergone relevant renovations since March 2012 must fully comply with the 2010 Standard, rather than maintaining compliance with the 1991 Standard alone.[5]

6.	Title III of the ADA specifically governs barriers to access in places of public accommodation operated by private entities such as Defendants.

7.	Defendants' unlawful violations of the ADA also constitute a nuisance as defined by Utah Code Ann. §78B-6-1101(1) which defines the term as "anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Any person whose health, use of property and/or personal enjoyment is lessened by an obstruction may bring suit to enjoin or abate the nuisance and recover damages under Utah Law.

---

[5] 28 C.F.R. 36.406(a).

## PARTIES, JURISDICTION AND VENUE

8. Plaintiff Pamela Whitney is a citizen and resident of the State of Utah.

9. Plaintiff has been diagnosed with multiple sclerosis or "MS" which is an unpredictable, disabling disease of the central nervous system.

10. As a result of MS, Plaintiff suffers from several common MS symptoms including cognitive impairments, pain and weakness on right side of her body, numbness in her hands, feet and legs, fatigue, burning and icy hot sensation on the bottom of her feet, tremors and uncontrollable shaking in her hands and legs, depression, difficulty with ambulation, nerve pain on the bottom of her feet and on the right side of her face.

11. Plaintiff currently receives federal disability benefits.

12. Because of Plaintiff's disability and impairments described above, she must use a wheel chair for mobility.

13. Plaintiff has a permanent disability parking permit from the State of Utah.

14. Defendant Plum Tree Property, LLC ("JCWS Land") is a Delaware limited liability company that owns the property located at 2424 N. University Parkway, Provo, UT 84604 (the "Premises").

15. Defendant Cinemark USA, Inc. ("Cinemark") is a Texas corporation doing business on the Premises as Movies 8.

16. The Premises is a "place of public accommodation" subject to the requirements of Title III of the ADA.

17.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, §2201 and 42 U.S.C. §12188.

18.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) as Plaintiff's claims arose in this district and Defendants' conduct business herein.

## FACTUAL ALLEGATIONS

19.     Plaintiff incorporates the foregoing paragraphs herein.

20.     Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person that owns, leases or operates any place of public accommodation.[6]

21.     Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[7]

22.     Plaintiff Pamela Whitney lives with a permanent disability and must use a wheelchair for mobility.

23.     Defendants own the Premises and/or lease space or operates a business located at the Premises. Defendants offer goods and services to the general public and the Premises is a place of public accommodation as defined by C.F.R. §36.104 and 42 U.S.C. §12181(7).

24.     Plaintiff has visited the Premises and has encountered barriers to access, which makes it impossible for her to fully enjoy the goods and services offered.

---

[6] 42 U.S.C. §12101.
[7] 42 U.S.C. §12181(2)(A).

25. The architectural barriers to access on Defendants' Premises include, but are not limited to, the following:

26. Accessible parking spaces at the premises lack access aisles and curb cuts that are required by ADAAG.

27. Accessible parking spaces and their access aisles have surface areas with slopes exceeding the 1:48/2.083% (2010) and 1:50/2% (1991) maximum allowed by ADAAG (with slopes as great as 4.7%).

28. Existing curb cuts exceeds the maximum allowable slope under both standards of ADAAG of 1:20/5% (with slopes as high as 10.91%).

29. The curb ramp flairs exceed the maximum allowable slope under both standards of ADAAG of 1:10/10% with flairs at steep as 39.41%.

30. There is no accessible route to the entrance of the business as required by ADAAG.

31. Any accessible route would have to cross barriers to access that would violate rules against changes in level under ADAAG.

32. The main entrance at the Premises does not have a level landing/maneuvering clearance that complies with the requirements of ADAAG.

33. The Premises has no van accessible spaces or signs as required by ADAAG.

34. Bathroom facilities at the Premises do not comply with the requirements of ADAAG generally and particularly with regard to the maneuvering clearance requirements.

35. Removal of the architectural barriers to access is readily achievable and could be completed by Defendants without significant difficulty or expense.

36. No notice to Defendants is required under ADAAG as a result of Defendants' failure to cure the violations contained herein during the many decades since ADAAG's adoption. Congress did not require disabled people to beg for access— the duty lies with the property owner and business to comply with the law.

37. Plaintiff has visited the Premises many times to see movies and has encountered the barriers described in this Complaint.

38. The barriers to access on the Premises exclude persons with disabilities such as Plaintiff from full and equal enjoyment of the goods, services, privileges and accommodations offered by Defendants.

39. As a result of Defendants' unlawful architecture and failure to remedy, Plaintiff and other disabled persons are subject to ongoing discrimination due to their disability, as well as embarrassment, distress, indignity and limitations to their personal freedom.

40. Plaintiff's knowledge of the barriers described in this Complaint deterred Plaintiff's access to, or full use and enjoyment of the Premises.

41. Plaintiff believes that the Premises has additional architectural barriers on the interior of the Premises that violate ADAAG which would require additional inspection and access to the interior of the Premises which include, but are not limited to, problems with seating, service counters, bathroom facilities, maneuvering clearances, stable firm and slip resistance surface areas and changes in level. Plaintiff did not want to disrupt the business

operations at the Premises and so only exterior measurements were performed at the Premises that would not alarm or interfere with other patrons of the Premises. Counsel would like to meet representatives of the Defendants at the Premises to do a full inspection to document other violations of ADAAG. Plaintiff intends make a motion for the inspection of real property, seeking a full inspection of the Premises to allow more specific pleading regarding violations of ADAAG not specifically detailed herein.

### FIRST CAUSE OF ACTION
### Injunction for Violation of Title III of the ADA

42.     Plaintiff incorporates the foregoing paragraphs herein.

43.     Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person owns, leases or operates any place of public accommodations.[8]

44.     Defendants own, lease and/or operate a place of public accommodation and are subject to the requirements of Title III of the ADA[9].

45.     Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[10]

46.     The Department of Justice defined "readily achievable" as meaning "easily accomplishable and able to be carried out without much difficulty or expense"[11].

---

[8] 42 U.S.C. §12101.
[9] 28 C.F.R. §36.104; 42 U.S.C. §12181(7).
[10] 42 U.S.C. §12181(2)(A).
[11] 28 C.F.R. 6.304(a).

47. Defendants have engaged in discriminatory practices by: 1) failing to construct their facility in a way that is readily accessible to persons with disabilities, 2) failing to comply with ADA guidelines when remodeling facilities, 3) failing to remove architectural barriers to access, where removal is readily achievable and 4) operating their facility in a way which does not allow disabled persons to fully and equally the goods and services provided to the general public.

48. Defendants have continued their discriminatory practices against persons with disabilities by refusing or otherwise failing to remove architectural barriers to access.

49. Because of Defendants' unlawful conduct, Plaintiff and other disabled persons have been subjected to discrimination by being unable to fully and equally access the goods, services and facilities offered to the general public, to the fullest extent possible.  Plaintiff and other disabled persons continue to be irreparably harmed as the discrimination is ongoing.

50. Plaintiff is entitled to a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a).

51. Plaintiff was required to retain counsel to pursue this action and is entitled to an award of reasonable attorney's fees and costs for bringing this suit, as specifically allowed by 42 U.S.C. §12205.

## SECOND CAUSE OF ACTION
### Declaratory Relief

52. Plaintiff incorporates the foregoing paragraphs herein.

53. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201.

54. Plaintiff requests declaratory judgment: 1) declaring an actual controversy between Plaintiff and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendants' facility.

## THIRD CAUSE OF ACTION
**Nuisance Under Utah Code Ann. 78B-6-1101, *et. seq.***

55. Plaintiff incorporates the foregoing paragraphs herein.

56. Pursuant to Utah Code Ann. §78B-6-1101(1), "A nuisance is anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property. A nuisance may be the subject of an action."

57. "An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance."[12] "Upon judgment, the nuisance may be enjoined or abated, and damages may be recovered."[13]

58. Defendants' failure to remove architectural barriers to access by persons with disabilities, as required by the ADA, has created a public nuisance which injuriously affects persons with disabilities and interferes with their personal enjoyment.

59. Plaintiff's personal enjoyment of life has been lessened by the nuisance, thus she is entitled to bring suit and recover damages, including damages for pain and suffering.

---

[12] Utah Code Ann. §78B-6-1101(6).
[13] Utah Code Ann. §78B-6-1102(2).

60.     Plaintiff is entitled to an award of attorney's fees and costs incurred in bringing this suit under Utah Code Ann. §78B-6-1114.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against the Defendants as follows:

A.      For a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a) within a reasonable time but, in no event, greater than six (6) months;

B.      For an order of the Court: 1) declaring that there is an actual controversy between Plaintiff and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendants' facility;

C.      For a permanent injunction enjoining Defendant from maintaining the nuisance on its premises pursuant to Utah Code Ann. §78B-6-1102(2).

D.      For an award of compensatory and punitive damages (in an amount to be determined at trial) to Plaintiff under Utah Code Ann. §78B-6-1102(2) for the nuisance created by Defendants;

E.      For an award compensating Plaintiff for damages, including but not limited to pain and suffering incurred due to the illegal architecture and public nuisance; and

      F.      For an award of Plaintiff's attorney's fees and costs of bringing this suit as authorized by the ADA at 42 U.S.C. §12205 and the Utah Code on public nuisances at §78B-6-1114; and

      G.      For any and all other relief the Court deems just and equitable.

DATED 28th day of December, 2016.

                                                        FORD & CRANE PLLC

                                                        /s/ Matthew B. Crane
                                                        Matthew B. Crane (UTB# 13909)
                                                        *Attorney for Plaintiff*